### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ATIYYAH A. DARDEN,** | ) |
| **Plaintiff** | ) **CIVIL ACTION NO.:** |
| vs. | ) **JURY TRIAL DEMANDED** |
| **AXIA WOMEN'S HEALTH,** | ) |
| **Defendant** | ) *ELECTRONICALLY FILED* |

### COMPLAINT

Plaintiff, ATIYYAH A. DARDEN, a resident of Montgomery County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, AXIA WOMEN'S HEALTH, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e *et seq.* (the "PDA"), 28 U.S.C. §§1331 and 1343.

2. Pursuant to 28 U.S.C. §1367, the Court has, and should exercise, supplemental jurisdiction over Plaintiff's state law claim brought under the Pennsylvania Human Relations Act, 42 P.S. §951, *et. seq.* ("PHRA").

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Atiyyah A. Darden ("Ms. Darden"), is an adult individual residing in Montgomery County, Pennsylvania.

5. Defendant, Axia Women's Health ("Axia"), is a medical services provider with a business address of 1030 East Lancaster Avenue, Radnor House, Bryn Mawr, Delaware County, Pennsylvania 19010.

6. At all times relevant and material hereto, Axia was an employer as defined by the PDA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

7. On or about September 18, 2020, Ms. Darden filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2020-05839.

8. Ms. Darden's claim was cross filed with the Pennsylvania Human Relations Commission for the purpose of preserving her claims under the PHRA.

9. Ms. Darden has been advised of her right to sue in federal court, which notice was received on or about July 1, 2021.

10. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. Ms. Darden began working at Axia as a Medical Assistant on or about February 3, 2020.

12. During the course of her employment with Axia, Ms. Darden always performed her job in a satisfactory manner, and she was never disciplined by Axia.

13. On or about July 27, 2020, Ms. Darden was informed of her termination effective July 24, 2020.

14. In the weeks prior to her termination, Ms. Darden was not feeling well and had been off work for doctor's appointments.

15. Ms. Darden was told that she was able to use her sick/vacation time for the time off work.

16. On or about July 23, 2020, Ms. Darden found out that she was most likely pregnant but would need one more test to confirm. That test was scheduled for the morning of July 24, 2020.

17. Ms. Darden advised her Manager, Ann Hartner, of her likely pregnancy on July 23, 2020.

18. Ms. Darden was terminated the following day without any reason being given.

19. As such, the timing of the termination indicates that Ms. Darden was fired due to her advising her employer of her pregnancy.

20. Ms. Darden's termination was in violation of the PDA and PHRA because she was fired as a result of her manager learning that she was pregnant.

## COUNT I
### Discrimination in Violation of the Pregnancy Discrimination Act

21. Plaintiff incorporates by reference all of the allegations contained in all paragraphs above.

22. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based upon an individual employee's sex. 42 U.S.C. §2000e-2(a).

23. The Pregnancy Discrimination Act of 1978, amended Title VII to state that:

   i. The terms "because of sex" or "on the basis of sex" include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy,

childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in the ability or inability to work.

24. Ms. Darden was within the protective class of individuals as designated by the PDA.

25. Ms. Darden was able to perform the essential functions of her position with Axia.

26. Ms. Darden was terminated by Axia solely as a result of her pregnancy.

27. As a direct and proximate result of the conduct of Axia in violating the PDA in discriminating against Ms. Darden on the basis of her pregnancy, Ms. Darden has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Ms. Darden demands that the Court declare the conduct engaged in by Axia to be in violation of Ms. Darden's rights under the PDA and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, punitive damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, reasonable attorneys fees and costs incurred herein and any pre- and/or post-judgment interest on all money awarded in damages for delay.

## COUNT II
**Discrimination in Violation of the Pennsylvania Human Relations Act**

28. Plaintiff incorporates by reference all of the allegations contained in all paragraphs above.

29. This is an action arising under the provisions of the PHRA, and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I, and therefore

judicial economy and fairness to the parties dictates that this Court be brought in the same Complaint.

30. By discriminating against Ms. Darden on the basis of her pregnancy / gender, Axia violated the provisions of Title 43 P.S. § 955.

31. As more fully set forth in Count I, Ms. Darden has suffered directly and solely as a result of Axia's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Ms. Darden respectfully prays that judgement be entered in her favor and against Axia for all of the relief sought in Count I, *supra*, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

September 24, 2021  */s/ Larry A. Weisberg*_____
Date  Larry A. Weisberg (PA Bar # 83410)
  lweisberg@weisbergcummings.com

  2704 Commerce Drive, Suite B
  Harrisburg, PA 17110
  (717) 238-5707
  (717) 233-8133 (FAX)

  *Attorney for Plaintiff*

5